UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Earle C. Martin,

    Plaintiff,

v.                                                                       Case No. 2:03cv161

City of Columbus, et al.,                           Judge Michael H. Watson

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendants City of Columbus and Jennifer Haas' Motion for Summary Judgment. (Doc. 12) Plaintiff Earle C. Martin has filed a Response. (Doc. 15) Defendants did not file a Reply. Oral argument was held on the issue of municipal liability on February 14, 2005. This matter is now ripe for review. For the reasons stated herein, the Court finds that the Motion is GRANTED in part and OVERRULED in part.

I.     FACTUAL BACKGROUND

Martin alleges that on the night of January 18, 2002, he was sitting in the passenger seat of his girlfriend's car waiting for her to return from her apartment with her purse. (Doc. 1, ¶ 9) Martin alleges further that while he was waiting he was confronted and assaulted by several City of Columbus police officers, including Defendant Haas. (Id. at ¶¶ 9, 12) Martin claims that he was then handcuffed and arrested without reasonable suspicion or probable cause. (Id. at ¶ 12) Martin was charged with obstructing, but the prosecutor

dismissed the charges. (Id. at ¶¶ 20, 24; Doc. 17, Ex. 2)

In his Complaint, Martin brings claims against Officer Haas and four other unidentified police officers in their individual and official capacities. (Id. ¶ 8) In addition, Martin claims that the actions of the officers were pursuant to the policies and/or customs of the City of Columbus and the Columbus Division of Police. (Id. at ¶ 28) Martin claims that the City and the Division of Police have (1) failed to adequately and reasonably hire, train, supervise and discipline police officers; (2) failed to adequately and reasonably investigate and pursue civilian complaints of police misconduct; (3) minimized and/or ratified police misconduct; (4) routinely filed false charges against citizens to shield officers from liability; and (5) contracted away the rights of citizens to secure agreements with police unions. (Id.) Martin claims violations of 42 U.S.C. §§ 1983, 1985 and 1988, based on the Fourth, Fifth, Eighth, and Fourteenth Amendments. (Id. at ¶¶ 29, 31) Martin has also brought state law claims of assault, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. (Id. at ¶¶ 33, 34)

II.   ARGUMENTS OF THE PARTIES

Defendants argue that Martin's claims are properly analyzed under the Fourth Amendment. Defendants explain that the Eighth Amendment's protection against cruel and unusual punishment of a person convicted of a crime is inapplicable because Martin was never convicted. Defendants maintain that the Fifth and Fourteenth Amendments are inapplicable because the Supreme Court has been reluctant to expand the concept of due process where there is an explicit textual source of constitutional protection.[1]

---

[1] Defendants also argue that there is no basis for Martin's claim under the Sixth Amendment. However, the Complaint does not state a claim under the Sixth Amendment, so this argument is unavailing.

Defendants argue further that Martin's Fourth Amendment claim must fail because Martin cannot identify any policy which was the moving force behind his constitutional violation.

Martin responds that Defendants' Motion is more properly characterized as one for partial summary judgment because Defendants do not dispute the validity of the claims against Officer Haas. Martin does not articulate the specific constitutional rights which have been violated, but instead identifies the following claims under section 1983: (1) false arrest and false imprisonment; (2) excessive force; and (3) malicious prosecution/prosecution without probable cause. Martin also argues that the City failed to train its police officers and refused to investigate police misconduct. Martin points to the collective bargaining agreement the City entered into with the police which limits the City's ability to control its officers.

III. ANALYSIS

    A.    <u>Summary Judgment standard.</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The mere existence of a

scintilla of evidence to support the non-moving party's position will be insufficient; the evidence must be sufficient for a jury to reasonably find in favor of the non-moving party. *Id.* at 252.

Defendants' motion does not address Martin's state law claims, nor does it address Martin's claims under 42 U.S.C. §§ 1985 and 1988. Therefore, the Court will only consider whether the City and Officer Haas are entitled to summary judgment on Martin's claim under 42 U.S.C. § 1983.

B.      Section 1983.

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Tuttle v. Oklahoma City*, 471 U.S. 808 (1985). Section 1983 has two basic requirements: (1) state action that (2) deprived an individual of federal statutory or constitutional rights. *Flint v. Kentucky Dept. of Corrections*, 270 F.3d 340, 351 (6th Cir. 2001), *citing*, *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998) *and United of Omaha Life Ins. Co. v. Solomon*, 960 F.2d 31, 33 (6th Cir.1992).[2]

Here, there appears to be no dispute that the Defendants' actions were taken under

---

[2] 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

color of state law. Instead, Defendants dispute whether Martin has shown a constitutional violation.

        1.      <u>Eighth Amendment.</u>

The Eighth Amendment's protection against cruel and unusual punishment applies only to those convicted of crimes. *Ingraham v. Wright*, 430 U.S. 651, 664-668 (1977); *Galas v. McKee*, 801 F.2d 200, 205 (6th Cir.1986). Here, Martin was not convicted of a crime. Therefore, the Eighth Amendment is not applicable, and Defendants City of Columbus and Officer Haas are entitled to summary judgment on Martin's section 1983 claim to the extent that it is based on a violation of the Eighth Amendment.

        2.      <u>Fourth Amendment.</u>

Defendants argue correctly that Martin's excessive force claim is properly analyzed under the Fourth Amendment. *Cameron v. City of Pontiac*, 813 F.2d 782 (6th Cir.1987). Reference to Fifth Amendment due process guarantees is inappropriate. *Graham v. Connor*, 490 U.S. 386, 395 (1989).

In addition, a claim of false arrest is, in effect, a claim of unreasonable search and/or seizure, and is properly analyzed under the Fourth Amendment. *Tennessee v. Garner*, 471 U.S. 1 (1985). Where a purported false imprisonment arises as a natural consequence of an alleged false arrest, the analysis of the two acts is "essentially the same." *Walker v. Schaeffer*, 854 F .2d 138, 142 (6th Cir.1988). Here, the record supports a conclusion that Martin's purported false imprisonment was the natural consequence of his alleged false arrest.

Therefore, Martin's claims of false arrest and false imprisonment, as well as his claim of excessive force are properly analyzed as Fourth Amendment violations.

Defendants do not argue that Martin cannot make out such claims against Officer Haas, but only argue that the City cannot be held liable under the theory of *respondeat superior*. Municipal liability will be discussed below, but for the sake of clarity, this Court holds that summary judgment is not appropriate on Martin's Fourth Amendment claims against Officer Haas in her individual capacity.

    3.    <u>Fifth and Fourteenth Amendments.</u>

Malicious prosecution claims implicate the Due Process Clause of the Fourteenth Amendment. *McMaster v. Cabinet of Human Resources*, 824 F.2d 518 (6th Cir.1987). When a section 1983 action is based upon malicious prosecution, reference to state law is appropriate. *Id.* at 520. In Ohio, the elements of malicious prosecution are: (1) malicious institution of prior proceedings; (2) lack of probable cause; (3) termination of the prior proceedings in the plaintiff's favor; and (4) seizure of the plaintiff's person or property during the course of the prior proceedings. *Crawford v. Euclid Nat'l Bank*, 483 N.E.2d 1168, 1171 (1985). Defendants do not argue that Martin cannot make out these elements, but instead argue that the Fourteenth Amendment is inapplicable to Martin's claims. However, Martin's federal claim for malicious prosecution can in fact be brought as a due process violation under the Fourteenth Amendment. Therefore, Defendants are not entitled to summary judgment on Martin's section 1983 claim insofar as it is based on the Fourteenth Amendment.

While the Fourteenth Amendment restricts the activities of the states, the Fifth Amendment constrains the power of the federal government to deprive any person "of life, liberty, or property, without due process of law." *Scott v. Clay County, Tenn.*, 205 F.3d 867, 873, n.8 (6th Cir. 2000). Therefore, Martin's reference to the Fifth Amendment is

unnecessary, and Defendants are entitled to summary judgment on Martin's section 1983 claim to the extent that it is based on a violation of the Fifth Amendment.

    C.    <u>Municipal Liability.</u>

A municipality cannot be sued on a *respondeat superior* basis. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978). Instead, municipal liability attaches only where a plaintiff's injury is the result of an official custom or policy of the city. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). As this Court has explained: "To show the existence of an offending custom or policy, plaintiffs must adduce specific facts supporting their claim; conclusory allegations are insufficient." *Games Galore of Ohio, Inc. v. Masminster*, 154 F.Supp.2d 1292, 1300 (S.D.Ohio 2001), *citing*, *Taylor v. Canton Police Dep't*, 544 F.Supp. 783 (N.D.Ohio 1982).

The Supreme Court has held that "the inadequacy of police training may serve as the basis for section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police came into contact." *Id.*, *citing*, *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 397 (1997). A showing of simple or even heightened negligence will not suffice. *Stemler v. City of Florence*, 126 F.3d 856, 867 (6th Cir.1997).

The Supreme Court has identified at least two types of situations that would justify a conclusion of deliberate indifference in the failure to train police officers:

> One is failure to provide adequate training in light of foreseeable consequences that could result from the lack of instruction. For example, the

> Court indicated that the lack of instruction in the use of firearms or in the use of deadly force could constitute "deliberate indifference." A second type of situation justifying a conclusion of deliberate indifference is where the city fails to act in response to repeated complaints of constitutional violations by its officers.

*Games Galore,* 154 F.Supp.2d at 1300 (citations omitted).

As Defendants point out, Martin made conclusory allegations regarding the failure to train in the Complaint. Indeed, these claims do not survive the City's motion for summary judgment. However, in his Response to Defendants' motion, Martin identifies the offending policy as one of ratifying police misconduct through its failure to investigate:

> the City of Columbus . . . consciously implemented a policy of refusing to investigate, discipline, reprimand, control, and retrain Defendant Haas because it had . . . agreed in a collective bargaining agreement with the Fraternal Order of Police to refrain from controlling its officers behavior when a complaint against them right or wrong had been brought more than sixty (60) days after the alleged transgression. The acquiescence in ignoring police misconduct against citizens for the sake of a new police operating agreement represents a conscious decision by the City of Columbus to contract away the Civil and Constitutional Rights of its citizens.[3]

The Sixth Circuit has held that a failure to investigate complaints or discipline officers can give rise to § 1983 liability. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1247 (6th Cir.1989), *cert. denied*, 495 U.S. 932 (1990); *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir.1985), *cert. denied*, 480 U.S. 916 (1987); *see also Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990). The theory underlying these cases is that the municipality's failure to investigate or discipline amounts to a "ratification" of the officer's conduct. *Dyer v. Casey*, 1995 WL 712765, *2 (6th Cir. 1995).

Here, there was an investigation of Martin's allegations against Officer Haas.

---

[3]There is also an allegation in the Complaint that the City "ratified and/or excused all the misconduct/wrongful acts of the Defendants." (Doc. 1, ¶ 7)

8

However, because Martin's allegations were brought more than sixty days after the incident, the Internal Affairs Bureau determined that Martin's allegations were unfounded. (Doc. 15, Ex. 2) Under Article 8.12 of the collective bargaining agreement between the City and the Fraternal Order of Police a citizen complaint must be received by the City within sixty days after the date of the alleged event giving rise to the complaint.  The exceptions to this rule are: (1) allegations of conduct which is criminal on its face; (2) allegations of conduct that could reasonably lead to criminal prosecution; and (3) allegations of non-criminal conduct that is the same or similar to conduct that resulted in the recent termination of a member, and the termination was upheld by an arbitrator or the Civil Service Commission.

This provision of the CBA has come under this Court's scrutiny before.  In *Otero v. Wood*, 316 F.Supp.2d 612, 629 (S.D. Ohio 2004) (Marbley, J.), the officer who took the plaintiff's complaint filled out an "incident report" (used to inform the police of any unlawful incident) instead of a "citizen complaint" (used to complain to the police department about the conduct of an officer).  The incident report was not converted to a citizen complaint until after the 60-day time period had already run.  *Id.*  The plaintiff alleged that the use of an incident report rather than a citizen complaint was not an accident, but was deliberately done as a part of the City's policy to insulate officers from discipline.  *Id.*  This Court found that if the plaintiff's claims were true, the City had a policy of dealing with citizen complaints in such a way as to virtually ensure that offending officers will not be disciplined for their misconduct.  *Id.* at 628.

Here, Martin states that he did not file his citizen complaint because there were criminal charges pending against him.  Martin filed his complaint on May 15, 2002.  Yet,

Martin's charges were not dismissed until December 30, 2002. Regardless of the reason for the delay, this case is factually distinguishable from *Otero*. It was Martin himself who caused the complaint to be filed outside the 60-day time period, not the City. As this Court has previously recognized, in general, one does not have a constitutional right to have a police investigation conducted in a particular manner, or to have one conducted at all. *Joy v. City of Dayton*, 1991 WL 1092505, *8 (S.D.Ohio 1991) (Rice, J.), *citing*, *Totter v. City of Chicago*, 573 F.Supp. 1269, 1276 (N.D.Ill.1983); *Sellner v. Panagoulis*, 565 F.Supp. 238, 252 (D.Md.1982). The CBA provision does not preclude all investigation, it only precludes investigation of complaints which are brought outside the 60-day time period and do not meet one of the listed exceptions.

Moreover, this Court found municipal liability in *Otero* on another distinct basis. In the *Otero* case, there was evidence of a City policy that allowed the use of riot guns loaded with wooden baton rounds as a "first resort" in a riot situation. *Id.* at 627. This Court found that the policy allowed those guns to be used before the use of less dangerous alternatives, such as extensive warnings, warning shots, or tear gas--all of which would have decreased the risk of serious bodily injury to the plaintiff. *Id.* This Court concluded that the City therefore had a policy that caused the excessive force, thereby causing the plaintiff's injury. *Id.* No such distinct basis exists in the present case. Martin has not alleged that the City has a policy which results in excessive force, false arrest or false imprisonment. Martin's allegations regarding the City's policies or customs are limited to the failure to train, failure to investigate, ratifying police misconduct, and routinely filing

false charges against citizens.[4]

As discussed above, Martin has only made conclusory allegations regarding the failure to train which do not survive Defendants' motion for summary judgment. Furthermore, Martin's allegations regarding the failure to investigate his citizen complaint do not constitute an illegal policy when viewed in light of Sixth Circuit case law.

In *Leach v. Shelby County Sheriff*, a paraplegic prisoner alleged that the county was deliberately indifferent to his serious medical needs. 891 F.2d at 1242. There was evidence of numerous instances of abuse of paraplegic or physically infirm inmates at the jail. *Id.* at 1247. Because the sheriff failed to investigate the incident and punish the responsible parties, the court found that there was a policy of deliberate indifference to the needs of the inmates. *Id.* at 1248.

As the Sixth Circuit has recently highlighted, the key to the finding of a municipal liability in *Leach* was that the court "was convinced that the municipality had a policy of deliberate indifference to prisoners' medical needs based on the fact that there were several separate instances where the prison failed to investigate prisoner mistreatment." *Thomas v. Chattanooga*, 398 F.3d 426, 434 (6th Cir. 2005). In *Thomas*, the court reiterated that "the plaintiff bears a heavy burden in proving municipal liability, and he cannot rely solely on a single instance to infer a policy of deliberate indifference." *Id.*, *citing*, *Doe v. Claiborne County*, 103 F.3d 495 (6th Cir. 1996). Unlike the plaintiffs in

---

[4]Martin's Complaint also alleges a policy of "the willingness to contract away citizens Civil and Constitutional Rights to secure agreements with police unions." However, it is not clear from the Complaint or Plaintiff's Response to Defendants' Motion as to what constitutional rights this policy relates. Therefore, the Court reads this allegation as being related to the allegation that the City has a policy of failing to investigate police misconduct or ratifying police misconduct.

*Leach*, Martin has failed to present evidence of several separate instances of the alleged rights violation.

Finally, in his Complaint, Martin alleged that the City has a policy of routinely filing false charges against citizens. However, Martin has not presented evidence of such a policy, and it appears from failure to address this allegation in his Response to Defendant's Motion that Martin has abandoned this claim.

Therefore, the City is not subject to municipal liability, and it is entitled to summary judgment on Martin's section 1983 claim.

D.      Qualified Immunity.

While the issue of qualified immunity was not addressed by Officer Haas, Martin did raise the issue in his Response. For the sake of clarification, the Court holds that Defendant Haas is not entitled to summary judgment on the basis of qualified immunity.

Therefore, based on the foregoing:

1. Defendants' Motion for Summary Judgment (Doc. 12) is **GRANTED** as to Martin's section 1983 claim to the extent that it is based on violations of the Fifth and Eighth Amendments.

2. Defendants' Motion for Summary Judgment (Doc. 12) is **GRANTED** as to Martin's section 1983 claim against the City of Columbus.

3. Defendants' Motion for Summary Judgment (Doc. 12) is **OVERRULED** in all other respects.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Michael H. Watson
　　　　　　　　　　　　　　　　　　　　　　　Michael H. Watson, Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court